KLEIN, J.
Appellee was charged with possession of a firearm by a convicted felon and carrying a concealed firearm. The trial court suppressed the firearm on the ground that it was discovered after an unlawful search of appellant’s vehicle, and the state appeals. We reverse.
The deputy involved testified that he pulled appellant over for a traffic violation after observing him go around a corner at such a speed that the rear end of his vehicle slid around and pedestrians had to run out of the way to avoid being hit.
Appellant got out of his car and met the deputy at the back of appellant’s car. Appellant had left the driver’s door open and, according to the deputy, appeared nervous and trying to block the deputy’s view of the car. In response to the deputy’s request for appellant’s license and registration, appellant gave the deputy his license and said he did not have his registration. When the deputy again asked for the registration, the appellant said it was inside the car. The deputy then asked appellant if he had ever been arrested and appellant responded that he had been arrested for aggravated battery with a firearm. Concerned for his safety, the deputy asked appellant if he had a weapon on him and the appellant said he did not.
The appellant then asked if he could retrieve the registration from his vehicle. The deputy asked if there were any weapons in the vehicle and the appellant responded that he did not know. The deputy again asked him the same question and the appellant gave the same response, but again asked if he could get the registration from the car.
The deputy did not allow appellant to return to the car, but called for backup and asked appellant to sit in the rear of the patrol car. After placing appellant in *1255 the patrol car the deputy went back to the vehicle and looked in the open front door. From that vantage point he was able to see, on the rear floor behind the passenger seat, a black case with a Smith and Wesson emblem on it. Because he was concerned that appellant had a firearm in the car, the deputy went inside the vehicle, opened the case, and found a loaded handgun.
On cross examination the deputy testified that he first became concerned about his safety when appellant immediately got out of his car after being pulled over, because in his experience only four drivers had done that, and three of the four had a firearm. He became more concerned after being told that appellant had been arrested for aggravated battery with a firearm, that appellant did not know if there was a gun in the car, and when appellant twice asked if he could go to the car to get the registration.
Appellant moved to suppress on the ground that the search of the vehicle was unlawful. The deputy acknowledged that he had not requested consent to search the vehicle, but it was the state’s position that the plain view exception to the warrant requirement justified the search because of the officer’s concerns for his safety.
The trial court mistakenly thought that the deputy had observed the gun case through the passenger side of the vehicle. She emphasized that the deputy “had no right to be on the passenger side of Defendant’s car.” We do not understand why the trial court felt that this fact was significant, but in any event the only evidence was that the deputy observed the gun case through the driver’s open door.
In State v. Dilyerd, 467 So.2d 301 (Fla. 1985), two deputies approached a parked vehicle in which two males were seated. When one of the deputies shined a spotlight into the car, the passenger leaned forward and appeared to do something with his hands on the floorboard of the car. After removing the occupants from the car, the deputy searched under the seat and discovered a vial of cocaine. The district court of appeal had concluded that the trial court should have granted the motion to suppress, but the supreme court reversed and held that the two pertinent questions to be asked under those circumstances were: (1) was the stop itself justified, and (2) did the deputy possess a reasonable belief based on specific and ar-ticulable facts, along with rational inferences, which justified his belief that the occupants of the car were dangerous and might gain control of weapons within the car. Id. at 303. See also Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).
Under the facts in this case, the deputy was justified in believing that the appellant was dangerous and might have obtained a weapon in the car. We therefore reverse the order of suppression.
STONE and STEVENSON, JJ., concur.